Edmond Nassirzadeh, Esq., SBN 201833
*ed@nasslawfirm.com*
**NASS LAW FIRM**
9454 Wilshire Blvd., Suite 700
Beverly Hills, California 90212
Tel: 310-858-7755

Attorneys for Plaintiffs WILLIAM Z. WYATT, and
ALISON KOPLAR

## UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM Z. WYATT, an individual and ALISON KOPLAR, an individual<br><br><br>   Plaintiff,<br><br> vs.<br><br><br>633 TOYOPA DRIVE, LLC, a California Limited Liability Company, and DOES 1 through 25, inclusive,<br><br><br>   Defendants. | Case No.:  2:19-cv-06458 FMO (GJSx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br> **1. BREACH OF CONTRACT**<br> **2. SPECIFIC PERFORMANCE OF REAL ESTATE SALES CONTRACT TO ACQUIRE TITLE**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiffs WILLIAM Z. WYATT, an individual, and ALISON KOPLAR, an

individual (collectively "Plaintiffs") for their First Amended Complaint against

1

Defendants 633 TOYOPA DRIVE, LLC, and DOES 1 through 25, allege as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C.§ 1332 because there is complete diversity of citizenship between all Plaintiffs and Defendant and more than $75,000, exclusive of interest and costs, is at stake.

2.      Plaintiffs WILLIAM Z. WYATT and ALISON KOPLAR are both individuals and citizens of State of New York.

3.      633 TOYOPA DRIVE, LLC, a California Limited Liability Company, is organized pursuant to the laws of the State of California.  Michael Klein, the manager and member of 633 TOYOPA DRIVE, LLC is a citizen and resident of the State of California, County of Los Angeles, and an owner of and partner in ownership of the real property in issue in this litigation.  Hal Klein, the father of Michael Klein and a member of 633 TOYOPA DRIVE, LLC, is a citizen and resident of the State of California, County of Los Angeles and an owner of and partner in the real property in issue in this litigation.  Plaintiffs are informed and believe, and based thereon allege, that Michael Klein and Hal Klein are the only members of/partners in Defendant 633 TOYOPA DRIVE, LLC.

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**

4.      Venue is proper in this Court because the real property that is the subject of this lawsuit is located in Los Angeles County, California and is within this judicial district. Venue is also proper in this Court because the members/partners of Defendant 633 TOYOPA DRIVE, LLC all reside in Los Angeles County, California and because a substantial part of the events giving rise to this claim occurred within this judicial district.

## PARTIES TO THE ACTION

5.      Defendant 633 TOYOPA DRIVE, LLC, a California Limited Liability Company (hereinafter "Defendant") is in the business of purchase, development and sale of residential real property.

6.      Plaintiffs WILLIAM Z. WYATT, and ALISON KOPLAR are individuals who entered into a purchase and sale agreement with Defendant for the purchase of a residential property as discussed below.

## GENERAL ALLEGATIONS

7.      The real property that is the subject of this action is residential real property commonly known as 633 Toyopa Drive, Pacific Palisades, California, bearing Assessor's Parcel Number 4411-013-006 (hereinafter the "Property").

8.      On about April, 2019, Defendant, 633 TOYOPA DRIVE, LLC agreed to sell and Plaintiffs agreed to purchase the residential Property for eight million

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**

six hundred and fifty thousand dollars ($8,650,000.00) and they entered into a California Residential Purchase Agreement and Joint Escrow Instructions, along with certain counter offers  (collectively hereinafter "PSA").  A true and correct copy of the PSA is attached hereto as **Exhibit "A"** and incorporated herein by reference.

9.     To facilitate the sale of the Property under the PSA, in April of 2019, Plaintiffs as Buyers and Defendant as Seller opened escrow with Glen Oaks Escrow, located at 184-B North Canon Drive, Beverly Hills, California 90210 (the "Escrow Holder") bearing escrow number 020797-KS.

10.     Pursuant to the express terms of the PSA, as the earnest money deposit, Plaintiffs delivered $259,500.00 ("EMD") to the Escrow Holder, which sums are still held by Escrow Holder.

11.     Pursuant to the express terms of the PSA, the Seller was required to install a pool/spa with an automatic weight bearing cover *prior* to the close of escrow.

12.     Pursuant to the express terms of the PSA, the completion of the pool/spa is a condition precedent that must be satisfied by the Defendant before closure of Escrow can take place.

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**

13.    Defendant has failed to even begin construction/installation of the pool/spa at the Property, but yet in direct violation of the express terms of the PSA and to Plaintiffs' shock and dismay, Defendant demanded that Plaintiffs close Escrow, pay the entire purchase price of the Property to Defendant and take ownership of the Property without the pool/spa.

14.    On July 23, 2019, Defendant, in direct violation of the express terms of the PSA has informed the Plaintiffs that Defendant is unilaterally cancelling Escrow effective immediately and intends to retain Plaintiffs EMD as liquidated damages.

15.    Plaintiffs have diligently performed all obligations required of them under the PSA, except where such performance was delayed or thwarted by the actions or omissions of Defendant.

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

**(Against All Defendants)**

16.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17.    Plaintiffs and Defendant entered into the PSA or about April 17, 2019.

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**

18.    Plaintiffs have duly and fully performed all the terms and conditions required of Plaintiffs to be performed in accordance with the terms and conditions of the PSA, except as to such performance as has been waived, excused and/or precluded by the conduct of Defendants and each of them.

19.    Defendants breached said PSA by failing and/or refusing to install the pool/spa, demanding Plaintiffs to close Escrow without installing the pool/spa, unilaterally attempting to cancel escrow and continuously refusing to honor the express terms of the PSA, and by failing to complete the purchase transaction and close escrow to sell the Property to Plaintiffs.

20.    As a direct and proximate result of the breach of contract by Defendants, and each of them, Plaintiffs have been damaged in an amount to be determined at the time of trial, in excess of the jurisdictional limit of this Court, currently estimated to be no less than $259,500.00.

**SECOND CAUSE OF ACTION FOR SPECIFIC PERFORMANCE OF REAL ESTATE PURCHASE CONTRACT TO ACQUIRE TITLE**

**(Against All Defendants)**

21.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**

22.   Plaintiffs and Defendant entered into the PSA or about April 17, 2019. Plaintiff has duly and fully performed all the terms and conditions required of Plaintiffs to be performed in accordance with the terms and conditions of the contract, except as to such performance as has been waived, excused and/or precluded by the conduct of Defendants.

23.   Defendants breached the PSA by failing and/or refusing to install the pool/spa, demanding Plaintiffs to close Escrow without installing the pool/spa, unilaterally attempting to cancel escrow and continuously refusing to honor the express terms of the PSA, and by failing to complete the purchase transaction and close escrow to sell the Property to Plaintiffs.

24.   The consideration set forth in the PSA was the fair and reasonable value of the subject property at the time the contract was entered into. The PSA is as to the Defendant, just and reasonable.

25.   Plaintiffs have at all times relevant been ready, willing and able to perform their obligations under the PSA and proceed with the purchase and acquisition of Property, except to the extent that such performance was delayed or thwarted by the actions or omissions of Defendants.

26.   Plaintiffs were at all times, and still are ready, willing and able to perform all conditions required of them to complete the purchase of the subject

7

property. Plaintiffs have no adequate remedy at law and seeks specific performance of the PSA because the subject property is unique and special to Plaintiffs and because Plaintiffs have expended substantial time, resources and effort to acquire the Property. If Plaintiffs are prevented from completing this transaction, they will suffer substantial detriment and will lose the benefit of the bargain as contemplated by the PSA.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

1.     For damages in a sum according to proof at the time of trial, but in no event less than $259,500.00;

**SECOND CAUSE OF ACTION FOR SPECIFIC PERFORMANCE OF REAL ESTATE PURCHASE CONTRACT TO ACQUIRE TITLE**

2.     For an Order that Defendant, 633 TOYOPA DRIVE, LLC and Does 1 through 25 complete the PSA, including the installation of pool/spa and close escrow and the transfer of all right, title and interest in the Property to Plaintiffs;

**ON ALL CAUSES OF ACTION**

3.     For costs of suit herein incurred;

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**

4.      For reasonable attorney's fees according to proof and in accordance with the PSA; and

5.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in this matter.

Dated:  August 16, 2019                                       **NASS LAW FIRM**

                                                             **By:** _____
                                                                    Edmond Nassirzadeh, Esq.
                                                                    Attorneys for Plaintiffs
                                                                    WILLIAM Z. WYATT, and
                                                                    ALISON KOPLAR

**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**